UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MATTHEW LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **MANDARICH LAW GROUP, LLP,** | ) |
| **RESURGENT CAPITAL** | ) |
| **SERVICES, L.P. and CACH, LLC,** | ) |
| | ) |
| Defendants. | ) |

## Complaint for Damages

Plaintiff ("Plaintiff") files his Complaint for Damages against the Defendants ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA"), and under Georgia's Fair Business Practices Act, OCGA §§ 10-1-390 *et seq.* (hereinafter "FBPA").

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and regularly seeks to collect from consumers residing in this District and in the Division.

## Parties

6. Plaintiff is a natural person residing in Warner Robins, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. Defendant Cach, LLC ("Cach") is a foreign company that is not authorized to transact business in Georgia.

9. Defendant Cach is a national company with offices and collection centers in various states but actively collects debts from consumers in the Middle District.

10. Defendant Cach maintains a registered agent, Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, CO 80120, USA.

11. Summons and Complaint may be served on Defendant Cach by service on Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, CO 80120, USA, or wherever they may be found.

12. Defendant Cach was in fact doing business in this state at all times relevant to this action through its collection efforts.

13. Defendant Cach directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

14. Defendant Cach uses the mails and interstate commerce in the collection of consumer debts regularly.

15. Defendant Cach regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

16. Defendant Cach's principle purpose is the collection of debts.

17. Defendant Mandarich Law Group, LLP ("MLG") is a debt collection law firm operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18. Summons and Complaint may be served on Defendant MLG by service on its registered agent for service of process in Georgia, National Registered Agents,

Inc. 289 S. Culver St., Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

19. Defendant MLG directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

20. Defendant MLG uses the mails and interstate commerce in the collection of consumer debts regularly.

21. Defendant MLG regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

22. Defendant MLG's principle purpose is the collection of debts.

23. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a foreign limited partnership operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

24. Summons and Complaint may be served on Defendant Resurgent by service on its registered agent for service of process in Georgia, Corporation Service Company, located at 40 Technology Pkwy South, #300, Norcross, GA, 30092, USA, or wherever they may be found.

25. Defendant Resurgent directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

26. Defendant Resurgent uses the mails and interstate commerce in the collection of consumer debts regularly.

27. Defendant Resurgent regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

28. Defendant Resurgent's principle purpose is the collection of debts.

## Statutory Scheme

## The Fair Debt Collection Practices Act

29. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

30. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

## The Georgia Fair Business Practices Act

31. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

32. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## Facts Common to All Counts

33. Sometime prior to November 13, 2018 Plaintiff incurred a financial obligation ("Debt") with MBNA America Bank, N.A.

34. The Debt is alleged to have arisen from one or more transactions.

35. The Debt was primarily for personal, family, or household purposes.

36. Defendants regularly engage in the collection of debts.

37. Defendants' principle purpose is the collection of debts like the Debt at issue.

---

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

38. The Debt was placed with, obtained by, or assigned to Defendants for the purpose of collecting or attempting to collect the Debt.

39. The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendants.

40. Prior to the acts giving rise to this Complaint, Defendant Resurgent purchased Defendant Cach.

41. On February 2, 2017, Defendant Cach was awarded a default judgment against the Plaintiff.

42. The prime interest rate was 3.75%, thus the post-judgment interest rate was 6.75%.

43. The principal amount awarded in the judgment was $2,064.48.

44. The daily interest rate on that amount would be $0.3818787 per day.

45. On May 15, 2017, the Debt was sworn to be $2,830.57.

46. On November 13, 2018, Defendant MLG sent a letter to Plaintiff, claiming the debt was $3,064.57.

47. The increase in debt from May 15, 2017 to November 13, 2018 is claimed to be $234.00 after 548 days.

48. However, 548 times $0.3818787 equals $209.22.

49. Thus, the balance of the Debt claimed on November 13, 2018, was in excess of what was authorized by law.

50. As a result of Defendants' violations of the FDCPA, Plaintiff suffered invasion of his statutory right, invasion of his privacy, mental distress, and attorneys' fees.

## Causes of Action

### Count I – Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692 et seq.

51. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

52. The debt identified in the collection action filed by Defendants is a "debt" as that term is defined by 15 U.S.C.

53. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

54. The November 13, 2018, letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

55. Defendants violated 15 U.S.C. § 1692e by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692e(2)(A).

56. As result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count II – Georgia Fair Business Practices Act

## O.C.G.A. §§ 10-1-390 *et seq.*

57. Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

58. A "consumer transaction" occurred, as that term is defined by OCGA § 10-1-393(a)(10), when Plaintiff incurred the financial obligation with MBNA America Bank, N.A.

59. The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by OCGA § 10-1-392(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

60. Plaintiff's counsel mailed an ante litem notice to Defendants by certified mail in compliance with OCGA § 10-1-399(b) on February 1, 2019.

61. Defendants Cach and Resurgent violated OCGA § 10-1-393(a) when Cach's agent sent a letter to Plaintiff on November 13, 2018, which sought to collect amounts Defendants were not authorized to collect in violation of the FDCPA.

62. Defendant's violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

63. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## Demand for a Jury Trial

64. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendants' behavior violates the FDCPA;

b) Find that Defendants Cach and Resurgent intentionally violated the FBPA;

c) Enter judgment in favor of Plaintiff Lewis and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

d) Enter judgment in favor of Plaintiff Lewis and against Defendants Cach and Resurgent for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

e) Enter judgment in favor of Plaintiff Lewis and against Defendants Cach and Resurgent for treble damages as provided by § 10-1-399(c).

f) Enter judgment in favor of Plaintiff Lewis and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

g) Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

h) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted July 4, 2019.

                            **DANIELS LAW LLC**

                            /s/Ronald Edward Daniels
                            RONALD EDWARD DANIELS
                            Georgia Bar No.: 540854
                            Counsel for Plaintiff

P.O. BOX 4349
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

                            /s/ Clifford Carlson
                            Clifford Carlson
                            Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA              )

                                                         ) ss

COUNTY OF HOUSTON              )

      Pursuant to 28 U.S.C. § 1746, Plaintiff Matthew Lewis, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     _____ _____, _____
                               Month                   Day            Year

                             _____
                             Signature